1  Arnold L. Graff (SBN 269170)
   agraff@aldridgepite.com
2  Joseph C. Delmotte (SBN 259460)
   jcdelmotte@aldridgepite.com
3  **ALDRIDGE PITE, LLP**
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92177-0933
5  Telephone: (858) 750-7600
   Facsimile:  (619) 590-1385
6
   Attorneys for Movant,
7  Wells Fargo Bank, N.A.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>EULA DIGGINS,<br><br>Debtor. | Case No. 14-41977-CN<br><br>Chapter 13<br><br>R.S. No.   ALG-092<br><br>**STIPULATION GRANTING ADEQUATE PROTECTION**<br><br>**Hearing**:<br>Date:   June 12, 2015<br>Time:   10:00 a.m.<br>Place:  1300 Clay Street, Ctrm 215<br>            Oakland, CA 94612 |

This Stipulation is entered into by and between the Secured Creditor, Wells Fargo Bank, N.A. (hereinafter "Movant"), and Eula Diggins (hereinafter "Debtor") by and through their respective attorneys of record.

The property which is the subject of this matter is commonly known as 865 Arlington Ave, Oakland, California 94608-2829, which is more fully described as follows:

> THE LAND REFERRED TO IS SITUATION IN THE COUNTY OF ALAMEDA, CITY OF OAKLAND, STATE OF CALIFORNIA, AS IS DESCRIBED AS FOLLOWS:  LOT 74, MAP OF THE SANTA FE TRACT NO. 20, FILED SEPTEMBER 5, 1905, MAP BOOK 20, PAGE 71, ALAMEDA COUNTY RECORDS.

THE PARTIES STIPULATE AS FOLLOWS:

1. Debtor shall tender regular monthly payments in the amount of $2,763.09, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing June 15, 2015, and continuing until all such outstanding amounts under the Note are to be paid in full.

2. The post-petition arrears are calculated as follows:

| | | |
|---|---|---|
| 12/15/2014 – 4/15/2015 | 5 payments @$2,755.41 each | $13,777.05 |
| 5/15/2015 | 1 payments @$2,763.09 | $2,763.09 |
| Less Suspense Balance | | <$2,644.95> |
| Total Arrears | | $13,895.19 |

3. In addition to regular monthly payments, Debtor shall tender a payment in the amount of $5,510.82 on or before July 1, 2015, and shall also tender payments in the sum of $931.60 commencing August 1, 2015 and continuing through and including March 1, 2016, and a final payment of $931.57 on April 1, 2016 when all post-petition arrears due and owing under the Note, in the current sum of $13,895.19, are paid in full. Payments are to be remitted to:

> Wells Fargo Home Mortgage
> 1 Home Campus
> Bankruptcy Payment Processing
> MAC# x2302-04c
> Des Moines, IA 50328

4. If Debtor provides proof of additional post-petition payments received and negotiated by Movant, the requirement to make an additional payments pursuant to paragraph three (3) herein shall be revised accordingly.

5. If applicable, Debtor shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance on a timely basis.

6. Debtor shall comply with the terms and conditions of her Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

/././

/././

7. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Movant shall provide written notice to Debtor Eula Diggins at 865 Arlington Ave., Oakland, CA 94608, and to Debtor's attorney of record, Robert A. Ward at Law Offices of Robert A. Ward, 1564A Fitzgerald Dr. #140, Pinole, CA 94564 indicating the nature of the default. If Debtor fails to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

8. Movant shall comply with the above provisions as to the first two (2) defaults. Upon the 3rd default, Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

9. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

10. In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

/././

/././

/././

/././

11. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtors.

12. In the event this case is converted to a Chapter 7 proceeding, the Motion may be restored on 14-days notice to the chapter 7 trustee.

13. Relief from the Automatic Stay is granted as to the Chapter 13 Trustee, Martha G. Bronitsky.

14. Any notice that Movant shall give to Debtors, or attorney for Debtors, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

IT IS SO STIPULATED:

DATED: 6-9-2015

ROBERT A. WARD
Attorneys for Debtor

DATED: 6/9/2015

PITE DUNCAN, LLP

ARNOLD L. GRAFF
Attorneys for WELLS FARGO BANK, N.A.